Appellant Tristan Kipp appeals from the judgment of the Lorain County Court of Common Pleas that dismissed his administrative appeal. This Court affirms.
During the 1996-97 school year, appellant was an eighth-grade student at Lorain Middle School, a public school owned and operated by appellee, the Lorain Board of Education ("Board"). Because a number of appellant's teachers reported that he had missed classes without approval, he was given a four day in-school suspension.
After Tristan had served his four-day suspension, his mother, Therese Kipp, sent a letter to Lorain Middle School's Superintendent requesting a hearing before the Board concerning Tristan's suspension. The Superintendent responded by sending Therese a letter, dated March 12, 1997, that stated: "The Board of Education is under no obligation to hear an appeal in this instance and I have no intention of asking them or their designee to conduct such." A copy of the letter was sent to each Board member.
On April 7, 1997, appellant Tristan Kipp, by and through his mother and next-of-kin, Therese R. Kipp, filed a notice of appeal in the Lorain County Court of Common Pleas. The notice stated that the appeal was taken "pursuant to [R.C. Chapter] 2506, from the finding of the Board of Education of the Lorain City School District, notice dated March 12, 1997, * * * which decision upheld [Tristan's] four (4) day suspension[.]"
The Board filed a motion to dismiss the appeal arguing that there is no right to appeal an in-school suspension because an in-school suspension does not affect a substantial right, and that appellant failed to timely request a transcript. Appellant filed a motion in opposition asserting that an in-school suspension does involve a substantial right. The trial court denied the Board's motion, and held an evidentiary hearing.
The trial court dismissed the appeal on the basis that it lacked jurisdiction. The court further held that even if it had jurisdiction, appellant did not have a right to appeal an in-school suspension.
Appellant timely appeals the trial court's judgment, asserting six assignments of error. This Court need not, however, address appellant's arguments because appellant has failed to address the trial court's finding that it lacked jurisdiction to hear the appeal. Five of appellant's six assignments concern the trial court's finding that there is no right to appeal an in-school suspension. The only reference to the trial court's holding that it lacked jurisdiction is found in the last two sentences of appellant's fifth assignment of error: "The Board of Education, by and through their attorney, never argued the fact that appellant failed to pursue all avenues to decision. The Board of Education continually asserted that there are no rights of appeal for in-school suspension."
Appellant's assertion that the Board's failure to raise the issue of jurisdiction constitutes waiver is without merit. A trial court is only authorized to hear an appeal of a "final order, adjudication, or decision of any * * * board[.]" (Emphasis added.) R.C. 2506.01. Appellant appealed from the Superintendent's refusal to request the Board to hold a hearing. The Board never issued a decision, adjudication, or final order. Appellant never asserted that the Superintendent's action was in effect an action of the Board.
The trial court found that the "opinion letter by the Superintendent does not constitute a final order, adjudication or decision within the meaning of [R.C.] 2506.01[,]" and that without a final order, adjudication, or decision, it lacked jurisdiction to hear the appeal. This Court agrees. Accordingly, appellant's first, second, third, fourth, and fifth assignments of error are overruled.
In his sixth assignment of error, appellant asserts that the trial court erred "when it adjudged that [appellant] had not demanded declaratory judgment." This argument is completely futile. The record is void of any declaratory judgment pleading. The sixth assignment is overruled.
Accordingly, the judgment of the common pleas court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR.